PER CURIAM.
The Court, on its own motion, amends the Florida Rules of Judicial Administration in response to recommendations of the Judicial Branch Governance Study Group (Study Group).[1] The amendments, most of which were suggested by the Study Group and some of which have been modified or added by the Court, are intended to strengthen the governance and policy development structures of the Florida judicial branch, improve the effective and efficient management of the branch, and enhance communication within the branch. These refinements will enable the judicial branch to better fulfill its mission to protect rights and liberties, uphold and interpret the law, and provide for peaceful resolution of disputes, and achieve its vision of accessible, fair, effective, responsive, and accountable courts, as stated in the branch’s long-range strategic plan.[2]
BACKGROUND
In October 2009, after the Court approved the current long-range strategic plan for the Florida judicial branch,[3] then Chief Justice Peggy Quince established the Judicial Branch Governance Study Group.[4] The Study Group[5] was charged with undertaking an in-depth study of the current governance system of the Florida judicial branch.[6] The Study Group was tasked with (1) examining the structure and functions and assessing the efficacy and efficiency of the current governance system, (2) making recommendations to improve the governance of the branch, and (3) suggesting changes to the present governance system that will improve the effective and efficient management of the branch.[7] The National Center for State Courts assisted the Study Group with its work and provid *2 ed the group with a report of research results,[8] findings, and conclusions[9] that served as the foundation for many of the group’s recommendations.
In January 2011, the Study Group submitted its comprehensive final report, with recommendations the group determined will advance improvements in the governance of the branch.[10] The recommendations focus on such areas as (1) the role and responsibilities of this Court and the roles, responsibilities, terms, and selection of the Chief Justice and chief judges of the appellate and trial courts; (2) the role of the Office of the State Courts Administrator; (3) the role and structure of the Judicial Management Council; (4) the authority of the conferences of judges; (5) communication within the branch; and (6) legislative advocacy on behalf of the branch. The recommendations include a number of suggested changes to Part II (State Court Administration) of the Rules of Judicial Administration.[11] After considering the Study Group’s report and recommendations, we adopt many of the rule changes as suggested, adopt some suggested changes with modifications, and adopt other rule changes on our own motion. The more significant rule amendments are discussed below.
AMENDMENTS
Rule 2.205 (The Supreme Court):
First, we amend subdivision (a) (Internal Government) of rule 2.205 to clarify the leadership roles of this Court and the Chief Justice and to address the selection and term of the Chief Justice. Subdivision (a)(1) addresses the exercise of this Court’s powers and jurisdiction. We amend subdivision (a)(1)(A), as suggested by the Study Group, to recognize that this Court establishes policy for the judicial branch. Consistent with the Court’s policy-making authority, including recommending state budget and compensation priorities for the judicial branch, subdivision (a)(1)(B) is added to prohibit any judge or supreme court created body, or any conference of judges from recommending to the legislative or executive branch state budget priorities, including compensation and benefits, that have not been approved by the Court. The subdivision does not apply to judges expressing their personal views who affirmatively *3 make it explicitly clear that they are not speaking on behalf of the judicial branch.
We add new subdivision (a)(1)(C) to rule 2.205 to require that newly created judicial branch commissions, committees, task forces, work groups, and similar study or advisory groups be established by the Court, not solely by the Chief Justice. The new subdivision also clarifies that the Court will use existing committees or commissions to address long-term issues.[12] When practicable, the Court will establish ad hoc committees or advisory groups to address specific problems under the umbrella of an existing committee or commission.
Subdivision (a)(2) of rule 2.205, which addresses the selection, term, and authority of the Chief Justice, is amended to strengthen the Chief Justice’s leadership role and allow for needed continuity in leadership. We modify the suggested amendment to subdivision (a)(2)(A) to allow the Chief Justice to serve successive two-year terms, not to exceed a total of eight years. As suggested by the Study Group, we further amend that subdivision to provide that the Chief Justice should be selected based on managerial, administrative, and leadership abilities, without regard solely to seniority and that the Chief Justice may be removed by a vote of four justices. Subdivision (a)(2)(B) is amended to enhance the Chief Justice’s authority. As modified by the Court, the amendment provides that the Chief Justice is the administrative officer of the judicial branch and of the Supreme Court and is responsible for the dispatch of the business of the branch and of the Court and for directing the implementation of policies and priorities, as determined by the Supreme Court for the operation of the branch and of the Court. As suggested by the Study Group, the following are added to the Chief Justice’s enumerated powers and responsibilities: (1) the responsibility to serve as the primary spokesperson for the judicial branch regarding policies and practices that have statewide impact; (2) the authority to directly inform all judges on a regular basis on the state of the judiciary, the state of the budget, issues of importance, priorities and other matters of statewide interest, and the responsibility to routinely communicate with the chief judges and leaders of the district, circuit, and county court conferences; and (3) the responsibility to exercise reasonable efforts to promote and encourage diversity in the administration of justice.
To promote communication within the branch, new subdivision (a)(2)(E) is added, as suggested by the Study Group, to provide that the Chief Justice shall meet on a regular basis with the chief judges of the district courts and the circuit courts to discuss and provide feedback for implementation of policies and practices that have statewide impact. We add the requirement that where practicable the justices of this Court should be included in the meetings. To further enhance communication, subdivision (e)(2) of rule 2.205 is amended, as suggested by the Study Group, to add to the State Courts Administrator’s duties the responsibility to inform the judiciary of the state courts system’s final budget request and any proposed substantive law changes approved by the Supreme Court.
Rule 2.210 (District Courts of Appeal); Rule 2.215 (Trial Court Administration):
The amendments to rules 2.210(a)(2) (District Courts of Appeal; Chief Judge) *4 and 2.215(b) (Trial Court Administration; Chief Judge) strengthen the leadership role of the chief judges of the district courts and trial courts. The amendments are designed to provide the chief judges with clear authority to direct judges to adhere to court and judicial branch policies and administrative plans and to achieve greater administrative consistency.[13]
Rules 2.210(a)(2) (district court chief judge) and 2.215(b)(1) (trial court chief judge) are amended, as suggested by the Study Group, to provide that the chief judge should be selected based on managerial, administrative, and leadership abilities, without regard solely to seniority. We add language to renumbered rule 2.210(a)(2)(F) to provide that a chief judge of a district court may serve successive two-year terms, but in no event shall the total term exceed eight years. As suggested by the Study Group, the renumbered rule is further amended to provide that this Court may remove a chief judge of a district court. Rule 2.215(c) already provides for successive two-year terms and removal by this Court. We amend that rule to provide that in no event shall a chief judge of a trial court serve for more than eight years. However, we clarify here that a district or trial court chief judge who will have served as chief judge for more than eight years before his or her current term expires may complete the current term.
Rule 2.210(a)(2) is amended, as suggested by the Study Group, to include a specific set of administrative responsibilities of district court chief judges similar to those contained in rule 2.215(b) for circuit court chief judges. We add a requirement to rule 2.215(b)(5) that to the extent practical, the chief judge shall assign only one administrative judge to supervise the family court.
Suggested new rules 2.210(a)(2)(G) and 2.215(b)(ll) are added, with minor modification, to provide that the failure of any judge to comply with an order or directive of the chief judge shall be considered neglect of duty and may be reported by the chief judge to the Chief Justice who shall have the authority to take such corrective action as may be appropriate. The chief judge may report the neglect of duty to the Judicial Qualifications Commission or other appropriate person or body, or take such other corrective action as may be appropriate.
Consistent with new rule 2.205(a)(2)(E), rules 2.210(a)(2)(H) and 2.215(b)(12) are added, as suggested by the Study Group, to provide that at the call of the Chief Justice, the chief judges of the circuit courts and district courts of appeal shall meet with each other and the Chief Justice at least quarterly to discuss and provide feedback on policies and practices that have statewide impact.
Rule 2.220 (Conferences of Judges):
Based on a Study Group recommendation, we amend rule 2.220 (Conference of County Court Judges) to create a conference of active and senior judges for each level of court. Much of the current rule creating the Conference of County Court Judges is retained in new subdivision (a). New subdivision (b) is added to recreate by rule the Conference of Circuit Court Judges, which is currently created by section 26.55, Florida Statutes (2011). New subdivision (b) will become effective upon the repeal of the statute. New subdivision (c) is added to the rule to formally create the Conference of District Court of Appeal Judges. Among the other purposes for the conferences stated in the rule, each conference will provide input to the newly *5 created Unified Committee on Judicial Compensation, discussed below, on judicial compensation and benefit issues and will assist the judicial branch in soliciting support and resources on those issues.
Rule 2.225 (Judicial Management Council):
At the suggestion of the Study Group, the language of existing rule 2.225 is deleted and new language is added recreating the Judicial Management Council of Florida. The responsibilities of the Council are narrowed and its membership is limited. As envisioned by the Study Group, the reconstituted Council will serve as a focused advisory body to assist the Chief Justice and this Court in identifying trends, potential crisis situations, and the means to address them. The Council will become part of a loop that will assist the Court with forward-looking vision, while the Court gets feedback from the trial and district courts, the chief judges, and the conferences.[14]
Under subdivision (a), the Council will meet at least quarterly. The Council will be responsible for: (1) identifying potential crisis situations affecting the judicial branch and developing strategy to address them; (2) identifying and evaluating information that would assist in improving the performance and effectiveness of the judicial branch; (3) developing and monitoring progress relating to long-range planning for the judicial branch; (4) reviewing the charges of the various court and Florida Bar commissions and committees, recommending consolidation or revision of the commissions and committees, and recommending a method for the coordination of the work of those bodies; and (5) addressing issues brought to the Council by this Court. New subdivision (c) outlines the various actions the Court may take on the Council’s recommendations.
We modify the suggested language for new subdivision (d) of rule 2.225 to limit the membership of the Council to fifteen voting members to be selected by this Court. The voting members will include the Chief Justice, who will serve as chair, an additional justice of this Court, representatives from each level of court, and public members. Each member, other than the Chief Justice, initially will be appointed for a two-year or four-year term, with the terms staggered to ensure continuity and experience on the Council and for four-year terms thereafter. The State Courts Administrator will be a nonvoting member, and the Council may request other nonvoting persons to participate on an as-needed temporary basis.
Rule 2.230 (Trial Court Budget Commission):
To enhance communication on trial court budget and funding issues, we amend subdivision (b) (Responsibilities) of rule 2.230 to require the Trial Court Budget Commission to seek and consider input from the Commission on Trial Court Performance and Accountability. To facilitate the input requirement, we amend subdivision (e) (Membership and Organization) to add the chair of the Commission on Trial Court Performance and Accountability as an ex officio nonvoting member of the Trial Court Budget Commission. The rule already provides for the presidents of the Conference of Circuit Court Judges and the Conference of County Court Judges to serve as ex officio nonvoting members.
Rule 2.235 (District Court of Appeal Budget Commission):
We also amend rule 2.235 to enhance communication and continuity of budgetary expertise on the District Court of Ap *6 peal Budget Commission. Subdivision (b) (Responsibilities) of rule 2.235 is amended to require the District Court of Appeal Budget Commission to seek and consider input from the Commission on District Court of Appeal Performance and Accountability on district court budget and funding issues. Consistent with existing rule 2.230(b)(10)[15] and the creation of the Unified Committee on Judicial Compensation, discussed below, we amend subdivision (b)(10) of rule 2.235 to provide that the District Court of Appeal Budget Commission shall not make recommendations as to pay or benefits for judges.
Subdivision (e) (Membership and Organization) of rule 2.235 is amended, as suggested by the Study Group, to provide for four-year staggered terms for voting members, effective July 1, 2013, and to add the chairs of the District Court of Appeal Performance and Accountability Commission and the Appellate Court Technology Committee, and the president of the District Court of Appeal Judges Conference as ex officio nonvoting members.
Rule 2.244 (Judicial Compensation):
We amend rule 2.244 (Judicial Compensation) to recognize the Court’s current practice of providing a unified mechanism for advancing judicial compensation and benefits issues. The unified approach outlined in new subdivision (c) of the rule ensures that judges from each level of the courts have a voice in the process, with ultimate oversight by this Court. New subdivision (c) creates the Unified Committee on Judicial Compensation to develop and recommend to the Court judicial pay and benefits priorities and to advocate for judicial pay and benefits issues approved by the Court for inclusion in the annual judicial branch budget request.
Under subdivision (c)(3), the membership of the Unified Committee will include the Chief Justice of this Court, the presidents and presidents-elect of the Conference of District Court of Appeal Judges, the Conference of Circuit Court Judges, and the Conference of County Court Judges, and the chairs and vice-chairs of the District Court Budget Commission and the Trial Court Budget Commission. As part of the unified approach, new rule 2.205(a)(1)(B), discussed above, prohibits individual judges, supreme court created groups, and the conferences of judges from advocating judicial compensation and benefits issues that have not been approved by this Court to the legislative and executive branches. However, as explained above in connection with the amendments to rule 2.220, the conferences of county, circuit, and district court judges will provide input to the Unified Committee and will assist the Court in seeking support and resources on judicial compensation and benefit issues.
CONCLUSION
Accordingly, we amend the Florida Rules of Judicial Administration as reflected in the appendix to this opinion. New language is indicated by underscoring and deletions are indicated by struck-through type. New rule 2.220(b) (Conference of Circuit Court Judges) shall become effective upon the repeal of section 26.55, Florida Statutes (2011). The remainder of the amendments shall become effective immediately upon release of this opinion. However, because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion to file comments with the Court. See Fla. R. Jud. Admin. 2.140(g)(1) (stating that *7 changes to Part II of the Rules of Judicial Administration made without notice shall be published for comment.)[16]
It is so ordered.
PARIENTE, POLSTON, LABARGA, and PERRY, JJ., concur.
CANADY, C.J., concurs in part and dissents in part with an opinion.
QUINCE, J., concurs in part and dissents in part with an opinion.
LEWIS, J., dissents with an opinion.

. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(g)(1).

. See The Florida Supreme Court Task Force on Judicial Branch Planning, Long-Range Strategic Plan for the Florida Judicial Branch (2009-2015) ("Long-Range Strategic Plan”) 7 (2009) (stating mission and vision of judicial branch and recognizing that the branch must govern itself effectively and efficiently).

. See supra note 2.

. See In re Judicial Branch Governance Study, Fla. Admin. Order No. AOSC09-43 (Oct. 19, 2009) (on file with Clerk, Fla. Sup. Ct.) ("Admin. Order AOSC09-43”).

. Study Group members include: Justice Ricky Polston (Supreme Court), Chair; Justice Jorge Labarga (Supreme Court); Judge Joseph Farina (Eleventh Judicial Circuit), Vice-chair; Judge Richard B. Orfinger (Fifth District Court of Appeal); Mr. Gerald B. Cope Jr. (former Judge of Third District Court of Appeal); Judge Alice Backwell (Ninth Judicial Circuit); Judge Brian J. Davis (Fourth Judicial Circuit); Judge Peter Marshall (Volusia County Court); Judge Debra Roberts (Pasco County Court); Mr. Alan B. Bookman (former president of The Florida Bar); and Mr. John G. White (former president of The Florida Bar).

. Admin. Order AOSC09-43 at 2.

. Admin. Order AOSC09-43 at 3.

.The Center’s consulting services were provided by grant funding obtained from the State Justice Institute. Its research strategies included: (1) interviews by the National Center consultants of more than forty key individuals in the court system regarding the structure, balance, and continuity of governance; committee structure, coordination, and effectiveness; and communication with the branch; (2) a web-based survey conducted by the National Center regarding intra-branch communication; (3) solicitation by the Chair of comments from each member of the Florida Bar Board of Governors, representatives of Florida Bar sections and rules committees, the Florida Justice Association, Florida Tax-Watch, and statewide business associations regarding collaboration with court leadership on policy, rulemaking, and legislative/funding issues; and (4) comparative research conducted by the Strategic Planning Unit of the Office of the State Courts Administrator on approaches to governing court systems in eleven selected states. See Judicial Branch Governance Study Group, Judicial Branch Governance Study Group Report to the Florida Supreme Court 3 (2011) ("Study Group Report”). We thank all those who participated in the research process.

. See National Center for State Courts, Final Report to the Florida Judicial Branch Governance Study Group (Nov. 2010).

. See Study Group Report at 4.

. Recommendations not involving rule amendments will be addressed administratively and are not addressed here.

. Under new rule 2.225(b), discussed below, the Court will consider referring all significant new issues or problems that implicate branch policy to the Judicial Management Council before establishing a new committee to address the issue.

. See Study Group Report at 17.

. See Study Group Report at 9.

. Rule 2.230(b)(10) provides that the Trial Court Budget Commission “shall not make recommendations as to pay or benefits for judges.”

. An original and nine paper copies of all comments must be filed with the Court on or before April 9, 2012, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. Electronic copies of all comments also must be filed in accordance with the Court’s administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004) (on file with Clerk, Fla. Sup. Ct.).