The motions for rehearing filed by the Conference of Circuit Court Judges of Florida, the Conference of County Court Judges of Florida, and the Trial Court Chief Judges of Florida (“the Conferences and the Chief Judges”) stating that the Conferences and the Chief Judges intended to file written comments in support of their motions within the sixty-day comment period provided for in the Court’s February 9, 2012, opinion, In re Implementation of Judicial Branch Governance Study Group Recommendations, 121 So.3d 1 (Fla.2012), are treated as comments on the rule amendments adopted in this case, in accordance with the invitation in the opinion. See Fla. R. Jud. Admin. 2.140(g)(1) (providing that the Court may amend rules in Part II of the Rules of Judicial Administration at any time, with or without notice and if a change is made without notice the Court will fix a date for future consideration of the change and publish the change for comment). The Conferences’ and the Chief Judges’ comments have been filed and were considered by the Court along with the matters raised in the motions and the other comments filed in this case.
The Court, having considered the comments and heard oral argument, hereby grants the requests for clarification of the language in new Rule of Judicial Administration 2.205(a)(1)(B) stating that the rule “is not intended to apply to judges expressing their personal views who affirmatively make it explicitly clear that they are not speaking on behalf of the judicial branch.” (Emphasis added.) In order to address concerns about the above emphasized language, the Court amends rule 2.205(a)(1)(B) as follows:
(B) Consistent with the authority of the supreme court to establish policy, including recommending state budget and compensation priorities for the judicial branch, no judge, supreme court *1212 created committee, commission, task force, or similar group, and no conference (Conference of District Court of Appeal Judges, Conference of Circuit Court Judges, Conference of County Court Judges) is permitted to recommend state budget priorities, including compensation and benefits, to the legislative or executive branch that have not been approved by the supreme court. This subdivision is not intended to apply to judges expressing their personal views who affirmatively make it explicitly-c-leaa? state that they are not speaking on behalf of the judicial branch.
The Florida Bar’s request that new Rule of Judicial Administration 2.220(c)(3) be amended to correct numbering errors is also granted. That rule is amended as follows:
(3) Officers. Management of the conference shall be vested in the officers of the conference and an executive committee. (A)-(B) [No Change]
(DC) There shall be an annual meeting of the conference.
(ED) Between annual meetings of the conference, the affairs of the conference shall be managed by the executive committee.
The effective date for the eight-year term limitation for trial court chief judges in Florida Rule of Judicial Administration 2.215(c) is delayed until February 1, 2015, at 12:01 a.m., so that with terms beginning July 1, 2015, judges who have served for eight years or more are not eligible for reelection.
The remainder of the requests in the comments is denied. The Court thanks those who filed comments for their input. But, after due consideration of the matters raised, the Court has determined that no other revisions to the rules or effective dates should be made at this time.
Accordingly, Florida Rules of Judicial Administration 2.205 and 2.220 are amended as reflected in this order. New language is indicated by underscoring and deletions are indicated by struck-through type. These amendments shall become effective immediately upon the issuance of this order.
POLSTON, C.J., and PARIENTE, QUINCE, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs with an opinion, in which QUINCE and PERRY, JJ., concur.
LEWIS, J., dissents with an opinion.
CANADY, J., concurs in part and dissents in part with an opinion.