# Supreme Court of Florida

_____

No. SC18-992
_____

**IN RE:  AMENDMENTS TO
FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.205.**

[July 6, 2018]

PER CURIAM.

This Court, on its own motion, amends Florida Rule of Judicial Administration 2.205(a)(1) (Internal Government; Exercise of Powers and Jurisdiction), as explained below.  *See* art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(g)(1).

In *In re Implementation of Judicial Branch Governance Study Group Recommendations—Amendments to Florida Rules of Judicial Administration*, 121 So. 3d 1, 1 (Fla. 2012), as part of the Court's goal to "strengthen the governance and policy development structures of the Florida judicial branch," this Court amended subdivision (a)(1)(A) of rule 2.205, as suggested by the Judicial Branch Governance Study Group, to expressly recognize that this Court establishes policy for the judicial branch.  Consistent with the Court's policy-making authority,

which includes establishing state budget and compensation priorities for the judicial branch, the Court also added subdivision (a)(1)(B) to rule 2.205 to prohibit any judge or supreme court created body, or any conference of judges from recommending to the legislative or executive branch state budget priorities, including compensation and benefits, that have not been approved by the Court. As originally adopted, subdivision (a)(1)(B) recognizes that this prohibition does not "apply to judges expressing their personal views who affirmatively make it explicitly clear that they are not speaking on behalf of the judicial branch."

The Court now amends subdivision (a)(1)(B) to further prohibit any judge or supreme court created body, or any conference of judges from recommending to "any legislative or executive branch entity" "any policy inconsistent with a policy position adopted by [this Court]." The Court also adds a sentence to that subdivision to make clear that "[n]o resources of any judicial branch entity may be used to facilitate or support the expression of [a judge's] personal views."

Accordingly, Florida Rule of Judicial Administration 2.205 is amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested

persons shall have sixty days from the date of this opinion in which to file

comments with the Court.[1]

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

---

1. All comments must be filed with the Court on or before September 4, 2018, with a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**APPENDIX**

**RULE 2.205.    THE SUPREME COURT**

    **(a)    Internal Government.**

        **(1)    Exercise of Powers and Jurisdiction.**

            **(A)    [No Change]**

            **(B)**    Consistent with the authority of the supreme court to establish policy, including recommending state budget and compensation priorities for the judicial branch, no judge, supreme court created committee, commission, task force, or similar group, and no conference (Conference of District Court of Appeal Judges, Conference of Circuit Court Judges, Conference of County Court Judges) is permitted to recommend to any legislative or executive branch entity state budget priorities, including compensation and benefits, to the legislative or executive branch that have not been approved by the supreme court.,or any policy inconsistent with a policy position adopted by the supreme court. This subdivision is not intended to apply to judges expressing their personal views who affirmatively state that they are not speaking on behalf of the judicial branch. No resources of any judicial branch entity may be used to facilitate or support the expression of such personal views.

            **(C)    [No Change]**

        **(2) - (4)    [No Change]**

**(b) – (g)    [No Change]**